UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR D. COBB,

      Plaintiff,                        Case No. 2:10-CV-10023

v.                                   District Judge Victoria A. Roberts

COMMISSIONER OF              Magistrate Judge Mark A. Randon
SOCIAL SECURITY,

      Defendant.

## ORDER

### I.    INTRODUCTION

This matter is before the Court on the parties' cross Motions for Summary Judgment. Magistrate Judge Mark A. Randon recommends that the Court GRANT Plaintiff's motion and DENY Defendant's motion.

The Court **ADOPTS** the Magistrate's recommendation.

### II.    PROCEDURAL HISTORY AND FACTS

Magistrate Randon sufficiently summarizes the relevant facts and procedural history. His summary is incorporated by reference.

### III.    STANDARD OF REVIEW

This Court must review the Administrative Law Judge's (ALJ) decision to decide if it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

1

Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could also support the opposite conclusion.  *Casey v. Sec'y of Health and Human Serv.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard is deferential, and presupposes a "zone of choice" within which the ALJ may make a decision without being reversed.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  Accordingly, if the Commissioner's determination is supported by substantial evidence, it must stand, regardless of whether the Court would resolve the disputed issues of fact differently.  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In reviewing the Commissioner's decision, the Court may consider only the record that was before the ALJ, and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id*.

## IV.    ARGUMENTS

The Social Security Administration uses a five step analysis to determine whether a claimant is eligible for benefits.  The claimant must establish that: 1) she is not presently engaged in gainful employment; 2) she suffers from an impairment or combination of impairments that is severe; and 3) the impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the claimant meets her burden at step three, she establishes eligibility.  If the claimant does not, she may still show her eligibility at step four by proving she did not have the "residual functional capacity" (RFC) to perform past work.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).  If she has the RFC to perform past relevant work, the claimant is not disabled.

2

If the claimant satisfies her burden at the fourth step by showing she does not have the RFC to perform past relevant work, the burden shifts to the Commissioner at the fifth step to show there is other work available in the economy that the claimant can perform.  20 C.F.R. 404.1520(g).  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Sec'y*, 820 F.2d 777, 779 (6th Cir. 1987).

**A.    Plaintiff's Claims**

On November 30, 2006, Plaintiff Victor D. Cobb filed an application for disability benefits and supplemental security income, claiming that he became unable to work on April 3, 2006.  Plaintiff claims to suffer from degenerative disc disease/disc herniation with nerve root impingement, which causes him severe back and leg pain.  Plaintiff says he injured his back lifting a manhole cover while working construction.  Plaintiff's past relevant work includes heavy equipment operator and general laborer. Tr. 32.

Plaintiff testified that his wife works during the day, and while she's gone he tries to help out around the house.  However, his back and leg pain require him to nap and lie on his back throughout the day. Tr. 33. Sometimes he lies on his back for just an hour; other days, he alternates between sitting and lying most of the day. Tr. 34.   He also stretches as he was taught in physical therapy, and testified that it sometimes helps to relieve his pain. Tr. 33.

Plaintiff has not seen a doctor for his condition since 2007.  He takes over the counter medication; he experiences side effects when he takes Vicodin and Oxycontin. Tr. 33.

**B.      Magistrate's Recommendation**

The ALJ found that Plaintiff's back and leg pain were "severe" impairments within the meaning of the Regulations.  Nevertheless, the ALJ found that Plaintiff's impairments were not "severe" enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, or Regulations No. 4.

The ALJ assessed Plaintiff's RFC and determined that he retains the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).  However, the ALJ determined that Plaintiff could not perform his previous work as a heavy equipment operator or laborer.  At step five, the Magistrate used the Medical-Vocational Guidelines (grids) to find that, based on Plaintiff's  RFC, age, education, and experience, he was not disabled.

The Magistrate recommends that the Court reverse the ALJ's opinion.  The Magistrate says that the ALJ committed an error of law, because he inappropriately relied on the grids.  Specifically, the Magistrate found that the grids did not account for Plaintiff's non-exertional limitations, and this was not harmless error.

**C.      Commissioner's Objections**

The Commissioner contends that ALJ's application of the grids was appropriate because Plaintiff's non-exertional limitations do not significantly erode the relevant occupational base for light work.  Furthermore, the Commissioner argues that any error by the ALJ was harmless.

Plaintiff did not respond to the Commissioner's objections.

**D.      Analysis**

4

At the fifth and final step in the disability determination, the Commissioner has the burden to prove that there is a significant number of jobs in the national economy that the claimant can perform.  20 C.F.R. § 404.1520(g).  "Substantial evidence must support a finding that the claimant has the vocational qualifications to perform specific jobs."  *Cole v. Sec. of Health and Human Serv.,* 820 F.2d 768, 771 (6th Cir. 1987).

"Where the claimant suffers from an impairment limiting only his strength, the Secretary can satisfy his burden, without considering direct evidence of the availability of jobs the particular claimant can perform, through reference to the grid."  *Abbott v. Sullivan, M.D.,* 905 F.2d 918, 926 (6th Cir. 1990).  The grid acts as administrative notice "of the existence of jobs in the national economy that those with particular combinations of the four statutory factors are capable of performing."  *Id.*  The four factors are (1) age, (2) education, (3) RFC, and (4) work experience.  *See* 42 U.S.C. §§ 423(d)(2)(B).

However, the grid only accounts for a claimant's strength, or exertional, limitations.  *Id; see* 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e).  Thus, "[w]here a claimant suffers from an impairment that significantly diminishes his capacity to work, but does not manifest itself as a limitation in strength, . . . rote application of the grid is inappropriate."  *Abbott,* 905 F.2d at 926.

In cases where a claimant has both exertional and nonexertional impairments, "the grid may not be used to 'preclude' a finding of disabled where a significant nonexertional impairment exists."  *Id.* at 927.  However, reliance on the grid is only precluded if "the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level . . . ."  *Kirk v. Sec. of Health and Human Serv.,* 667 F.2d 524, 528-29 (6th Cir. 1981).  Furthermore, "[a] mere

5

allegation of a nonexertional limitation is not sufficient to preclude application of the grid; the determining factor is whether the alleged nonexertional impairment is severe enough to alter the conclusion that the claimant could do a full range" of work at the specified level. *Cole,* 820 F.2d at 772.

Plaintiff contends that although the state agency physician, Dr. Branch, found nonexertional postural and environmental limitations, and the ALJ gave Dr. Branch's opinion "significant weight," the ALJ omitted nonexertional limitations in his RFC finding. Plaintiff says that the presence of nonexertional limitations makes the ALJ's reliance on the grid inappropriate.

The Commissioner concedes that the ALJ erred by omitting the non-exertional limitations identified by Dr. Branch and not articulating a reason for the omission; however, the Commissioner argues that this error was harmless because: (1) the ALJ found that Plaintiff could perform a full range of light work; (2) the ability to perform a full range of light work necessarily includes the ability to perform a full range of sedentary work; (3) the Plaintiff's nonexertional limitations do not interfere with his ability to perform a full range of sedentary work; so, (4) the ALJ could have properly relied on the grids to find that Plaintiff was not disabled, even crediting the nonexertional limitations. Thus, the Commissioner maintains that even though the ALJ erred, this error is harmless because had he adopted all of Dr. Branch's nonexertional limitations as part of the RFC finding, it would not have changed the ALJ's ability to rely solely on the grids for the RFC determination.  Based on this line of reasoning, the Commissioner urges the Court that remand is unnecessary.  The Court is not persuaded.

The ALJ found that Plaintiff could perform a full range of light work, but failed to

6

carry his burden at step five by inappropriately relying solely on the grid to prove that Plaintiff had the RFC to perform a substantial number of jobs in the national economy. The Commissioner is correct that, generally, if a claimant can do light work, he can also do sedentary work, "unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *See* 20 C.F.R. § 404.1567(b). However, the Court is not convinced that an application of the grids would be appropriate even at the sedentary work level, because it is unclear whether Plaintiff retained the RFC to perform a full range of sedentary work when his non-exertional limitations are credited.

First, the ALJ did not determine which of the nonexertional limitations to credit, and to what extent.  In fact, it is not clear from the ALJ's opinion whether he considered Plaintiff's nonexertional limitations at all.

In making the RFC assessment, the ALJ "must include a narrative that shows the presence and degree of any specific limitations and restrictions, as well as an explanation of how the evidence in file was considered in the assessment." Soc. Sec. Rul. 96-9p, 1996 WL 374185 at *5.  Furthermore, the ALJ's "RFC assessment must be sufficiently complete to allow an adjudicator to make an informed judgment regarding these issues." *Id.* at *6.  It is inappropriate for this Court review the evidence *de novo*, weigh the evidence, or make credibility determinations to make findings of fact where the ALJ failed to do so. *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). Because the ALJ failed to clearly define the Plaintiff's nonexertional limitations, it is improper for the Court to attempt to do so.

Second, despite the Commissioner's contention, if the Court credits the

7

nonexertional limitations recommended by Dr. Branch, it is not clear that Plaintiff retains the RFC to perform a full range of sedentary work.  Thus, it is not clear whether it is appropriate to rely exclusively upon the grid in determining Plaintiff's RFC, as the Commissioner claims, or whether it may be utilized only as a framework for decision making. *See Shelman v. Heckler,* 821 F.2d 316, 321 (6th Cir. 1987) ("Reliance upon the grids in the presence of nonexertional limitations requires reliable evidence of some kind that the claimant's nonexertional limitations do not significantly limit the range of work permitted by his exertional limitations.").

The postural limitations identified by Dr. Branch are: occasional limitations on climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and complete restriction of the ability to climb ladders, ropes, and scaffolds. Tr. 204.  Dr. Branch also opined that Plaintiff should avoid unlimited exposure to extreme heat and cold, wetness, humidity, noise, vibration, fumes, odors, dusts, and gases, and concentrated exposure to hazards like machinery and heights. Tr. 206.

To perform a full range of work, a claimant must be able to perform "[a]ll or substantially all occupations existing at an exertional level." Soc. Sec. Rul. 83-10, 1983 WL 31251 at *6.  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a).  "[I]n order for a rule to direct a conclusion of 'not disabled,' an individual must also have no impairment that restricts the nonexertional capabilities to a level below those needed to perform unskilled work . . . at the sedentary level." Soc. Sec. Rul. 96-9p, 1996 WL 374185 at *4.

The Commissioner is correct that "[p]ostural limitations or restrictions related to

8

such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." Soc. Sec. Rul. 96-9p, 1996 WL 374185 at *7.  However, certain limitations in balancing, such as limitations on balancing when standing or walking on level terrain, may reduce the range of sedentary work.  Thus, "[i]t is important to state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base." *Id.*  Here, the ALJ did not address Plaintiff's occasional limitations on balancing at all, and the circumstances of the limitation are unclear from Dr. Branch's report.

The Commissioner also correctly points out that "few occupations in the unskilled sedentary occupational base require work in environments with extreme cold, extreme heat, wetness, humidity, vibration, or unusual hazards." *Id.* at *9.  However, Dr. Branch also indicated that Plaintiff had environmental limitations on noise,  fumes, odors, dusts, gases, and poor ventilation. Tr. 206.   "Since all work environments entail some level of noise, restrictions on the ability to work in a noisy workplace must be evaluated on an individual basis." Soc. Sec. Rul. 96-9p, 1996 WL 374185 at *9.  Furthermore, "[r]estrictions to avoid exposure to odors or dust must also be evaluated on an individual basis.  The RFC assessment must specify which environments are restricted and state the extent of the restriction; e.g., whether only excessive or even small amounts of dust must be avoided." *Id.*  The ALJ failed to discuss these nonexertional limitations at all.

It is not clear to the Court that, had the ALJ accepted all of Dr. Branch's non-exertional limitations, Plaintiff would have retained the RFC for a full range of sedentary

work; thus, it is not clear that the ALJ's reliance on the grid was harmless error.  The

Court declines to use the harmless error standard as an invitation to rewrite a deficient

ALJ decision.

Because the ALJ failed to make any findings of fact in regard to Plaintiff's

nonexertional limitations, the ALJ's reliance on the grid was inappropriate; there is not

substantial evidence to support the ALJ's RFC determination.

## VI.    CONCLUSION

The Court **ADOPTS** the Magistrate's recommendation.  This matter is

**REMANDED** to the Commissioner to determine whether Plaintiff has the RFC to

perform work in the national economy.  In determining RFC, the ALJ must consider the

combined effects of Plaintiff's exertional and nonexertional impairments, to the extent

that they are credible.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 22, 2011

The undersigned certifies that a copy of this
document was served on the attorneys of
record by electronic means or U.S. Mail on
March 22, 2011.

s/Linda Vertriest
Deputy Clerk

10